UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SUBRENA TODD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No._____ |
| v. ) | |
| ) | |
| ALLEN OIL COMPANY OF ) | |
| SYLACAUGA, INC., an Alabama ) | |
| Domestic Corporation, and DRAKOS ) | |
| FAMILY PARTNERSHIP, an Alabama ) | |
| General Partnership, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## COMPLAINT

Plaintiff, SUBRENA TODD, through her undersigned counsel, hereby files this Complaint and sues ALLEN OIL COMPANY OF SYLACAUGA, INC., an Alabama Domestic Corporation, and DRAKOS FAMILY PARTNERSHIP, an Alabama General Partnership injunctive relief, for attorneys' fees, litigation expenses and costs pursuant to 42 U.S.C. § 12181 et. seq., ("AMERICANS WITH DISABILITIES ACT" or "ADA"), and alleges:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181 et. seq., (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28

U.S.C. § 1331 and 28 U.S.C. §1343.

2. Venue is proper in the Northern District of Alabama pursuant to 28 U.S.C § 1391(b) in that all events giving rise to this lawsuit occurred in this District, specifically Shelby County.

3. At the time of the Plaintiff's visit to Allen's Foodmart 53, prior to instituting the instant action, SUBRENA TODD (hereinafter referred to as "TODD" or "PLAINTIFF") was a resident of the State of Alabama, suffered from what constitutes a "qualified disability" under the ADA, and used a wheelchair for mobility. Since sustaining severe injuries in a motor vehicle crash in 1996, TODD has suffered from paraplegia. TODD is bound to a wheelchair as her condition inhibits the major life activity of walking and substantially limits her in the exercise of normal bodily functions. Prior to filing this lawsuit, the Plaintiff personally visited the Allen's Foodmart 53 in Harpersville, Alabama, but was denied full and equal access to, and full and equal enjoyment of, the facilities within and about the Allen's Foodmart 53, which is the subject of this lawsuit.

4. The Defendants, ALLEN OIL COMPANY OF SYLACAUGA, INC., an Alabama Domestic Corporation, and DRAKOS FAMILY PARTNERSHIP, an Alabama General Partnership (herein referred to jointly as "Defendants"), are both authorized to conduct, and are conducting, business within the State of Alabama. Upon information and belief, Defendant ALLEN OIL COMPANY OF SYLACAUGA, INC., is the lessee and operator of the Subject Facility, and owner

of the improvements on the real property where the Subject Facility is located which is the subject of this action, the convenience store and filling station commonly referred to as "Allen's Foodmart 53" located at 5373 Hwy 280, Harpersville, Alabama 35078, (herein referred to as "Allen's Foodmart 53" or "the Subject Facility") which also maintains and controls the Subject Facility. Upon information and belief, Defendant DRAKOS FAMILY PARTNERSHIP is the owner and lessor of the real property where the Subject Facility is located which is the subject of this action, the business commonly referred to as "Allen's Foodmart 53" located at 5373 Hwy 280, Harpersville, Alabama 35078, which also maintains and controls the subject real property. All events giving rise to this lawsuit occurred in the State of Alabama. Venue is proper in this Court as the premises are located in Shelby County in the Northern District, Southern Division.

## COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

5. On or about July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA") 42 U.S.C. § 12101 et. seq., Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. § 12181; 20 C.F.R. § 36.508(a).

6. As a result of the enactment of the ADA on or about July 26, 1990, and the subsequent effective date of this same Act on or about January 26, 1992,

the Defendants' violations of this Act as alleged herein by the Plaintiff are intentional violations of Title III of the ADA and intentional acts of discrimination against the Plaintiff.

7. Pursuant to 42 U.S.C. § 12181(7) and 28 C.F.R. § 36.104, Allen's Foodmart 53 is a place of public accommodation in that Defendant ALLEN OIL COMPANY OF SYLACAUGA, INC., operates a filling station and convenience store which provides fuel, oil, food, beverages, and other related merchandise and services, to the public.

8. Pursuant to 42 U.S.C. § 12181(7) and 28 C.F.R. § 36.104, the building and/or Subject Facility which is the subject of this action is a public accommodation covered by the ADA and which must be in compliance therewith.

9. Defendants have discriminated, and continue to discriminate, against the Plaintiff, and others who are similarly situated, by denying full and equal access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at Allen's Foodmart 53 in derogation of 42 U.S.C. § 12101 et. seq., and as prohibited by 42 U.S.C. § 12182 et. seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. § 12182(b)(2)(a)(iv), where such removal is readily achievable.

10. The Plaintiff has been unable to and continues to be unable to enjoy access to, and the benefits of, the services at the subject location owned, operated, controlled, and/or maintained by the Defendants. Prior to the filing of this lawsuit,

and on numerous occasions within the applicable statutes of limitations period, the Plaintiff visited the subject location and was denied full and safe access to all of the benefits, accommodations and services offered to individuals without disabilities within and about the Defendants' Subject Facility in Harpersville, Alabama, which is the subject of this lawsuit. The Plaintiff's access was inhibited by and she personally encountered each of the described barriers to access detailed in this Complaint which remain at Allen's Foodmart 53 in violation of the ADA. Because of the foregoing, the Plaintiff has suffered an injury-in-fact in precisely the manner and form that the ADA was enacted to guard against.

11. The Plaintiff lives in neighboring Talladega County, Alabama, and frequently travels to the area of the Subject Facility because of its location along the most direct route from her home to Birmingham, to which the Plaintiff travels frequently for a variety of reasons, including but not limited to receive medical treatments and evaluations from her physicians at their facilities in downtown Birmingham.

12. The Plaintiff continues to desire to and has definite plans to visit the Allen's Foodmart 53 convenience store and filling station in Harpersville, Alabama, in the future with the same frequency as she has previously but continues to be injured in that she is unable to and continues to be discriminated against due to barriers to access that remain at and about the subject location in violation of the ADA. Absent remedial action by the Defendants, she will continue to encounter

the architectural barriers described herein and as a result, be discriminated against by Defendants on the basis of her disability. Plaintiff has been discriminated against and continues to have reasonable grounds for believing that she will be discriminated against in the future because of the Defendants' continuing deliberate and knowing violations of the ADA. Due to the definiteness of her future plans to visit the subject facility, there exists a genuine threat of imminent future injury.

13. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

14. The Defendants' Subject Facility is in violation of 42 U.S.C. § 12181 et. seq., the ADA and 28 C.F.R. § 36.302 et. seq., and is discriminating against the Plaintiff as a result of inter alia, the following specific violations:

   a. Failure to provide any compliant parking spaces with the requisite access aisles and signage, including a van accessible space, within the parking lot which meet the requirements of accessible parking under the ADA.

   b. Failure to provide a clear and unobstructed designated accessible path of travel from the existing parking spaces, marked as such, designated for wheelchair users to enter the Subject Facility.

   c. Existing floor mats at entrance/exit are not securely attached to the

ground/floor surface at the edges of the mats to minimize any associated hazard as required by the ADA.

d. Failure to provide designated accessible seating for persons with disabilities at the established dining areas within the store.

e. Failure to provide adequate ADA compliant directional and accurate informational signage within the Subject Facility.

f. Failure to construct and/or modify restrooms for accessibility, including failing to:

   i. provide accessible entrances to the restrooms due to the doors requiring more than 5 pounds of force to open.

   ii. provide hardware on the restroom doors that is operable with one hand and does not require tight grasping, pinching, or twisting of the wrist.

   iii. provide accessible entrances to the restrooms due to the existing door closers taking less than 5 seconds to close the doors at the restroom entrances from an open position of 90° to a position of 12° from the latch.

   iv. provide signage at the restroom doors indicating the availability of accessible accommodations provided within.

   v. provide the requisite clearances free from obstruction in front of and beside the water closets.

vi. provide protection from potential injury or imbalance created by the protruding, exposed, and unprotected plumbing and flush valves located directly behind the toilet seat.

vii. provide accessible water closets which are no less than 17 inches above the floor measured to the top of the seat.

viii. provide the requisite clearances free from obstruction in front of the lavatories due to inward swinging restroom doors.

ix. provide accessible lavatories due to the lavatory faucets' operable parts inability to be operated without tight grasping, pinching, or twisting of the wrist.

x. provide the requisite toe clearances for the existing lavatories.

xi. provide accessible operable parts for the toiletry product dispensers within the requisite reach ranges and that do not require tight grasping, pinching, or twisting of the wrist.

xii. provide accessible operable parts within acceptable reach ranges for soap dispensers positioned above lavatories greater than 20 inches deep.

xiii. provide toilet paper dispensers within acceptable reach ranges of the water closets.

xiv. provide rear grab bars above the water closets.

xv. provide side grab bars above the water closets.

    g. Failure to provide accessible paths of travel throughout the store due to aisle protrusions via merchandise displays and/or merchandise storage, interior configuration, and/or architectural arrangement.

    h. The existing self-service food, beverage, condiments, and tableware dispensers are not placed, constructed, and/or configured such as to be within acceptable reach requirements applicable to the present positioning of same.

15. There are other current barriers to access and violations of the ADA which exist at the Subject Facility not specifically identified herein, as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only after a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

16. To date, the barriers and other violations of the ADA still exist at the Subject Facility and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

17. Pursuant to the ADA, 42 U.S.C. § 12101 et. seq., and 28 C.F.R. § 36.401; 36.406, the Defendants were required to make the Subject Facility, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, the Defendants have failed to comply with this mandate.

18. The remediation of barriers and accommodations sought by Plaintiff

in this Complaint are readily achievable, technically feasible, and would not result in a significant loss of marketing or sales space to Defendants.

19. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have her reasonable attorneys' fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C. §12205.

20. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff injunctive relief, including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff hereby requests judgment against the Defendants and requests the following relief:

A. That the Court declare that the subject property and Subject Facility owned, operated, leased, controlled and/or administered by the Defendants is violative of the ADA;

B. That the Court enter an Order requiring the Defendants to alter their facilities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order requiring Defendants to cease business operations at the Subject Facility for such reasonable time so as to allow

the Defendants to evaluate and neutralize its policies, practices and procedures toward persons with disabilities and undertake and complete corrective procedures;

D. That the Court award reasonable attorneys' fees, costs, (including expert fees) and litigation expenses, and such other and further relief of suit, to the Plaintiff; and

E. That the Court award such other and further preventive relief as it deems necessary, just and proper.

Dated this the 25th day of July, 2014.

FULMER LAW FIRM, P.C.

John Allen Fulmer (ASB-1089-O42F)
126 N Broadnax Street
Dadeville, AL 36853
Telephone: (256) 825-9310
Facsimile: (256) 825-8657
jaf@jafulmerlaw.com

**Attorney for Plaintiff**